## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DANIEL RAMIRO GALVEZ;** | § | |
| **AND ROSAMARIA GALVEZ,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:18-cv-00158** |
| | § | |
| **JP MORGAN CHASE BANK, NA;** | § | |
| **AND BARRETT, DAFFIN, FRAPPIER,** | § | |
| **TURNER, AND ENGEL, LLP,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S
## NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A., incorrectly sued as "JP Morgan Chase Bank NA" ("JPMC"), files its Notice of Removal of this action from the 45th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support, JPMC shows this Court as follows:

1.      On February 5, 2018, Plaintiffs Daniel Ramiro Galvez and Rosamaria Galvez ("Plaintiffs") commenced an action in the 45th Judicial District Court of Bexar County, Texas, styled *Daniel Ramiro Galvez and Rosamaria Galvez vs. JP Morgan Chase Bank NA and Barrett, Daffin, Frappier, Turner, and Engel, LLP*, where it was assigned Cause No. 2018-CI-02049 (the "State Court Action").

2.      Removal is timely because thirty (30) days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date). In fact, thirty days have not elapsed since Plaintiffs filed the lawsuit, and it does not appear citations have been issued to any defendant.

3.      JPMC is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 45th Judicial District Court of Bexar County, Texas, and will serve a copy of the Notice of Removal on all parties.

4.      Attached as "Exhibit A" is an appendix of all documents filed in the State Court Action that identifies each document and indicates the date the document was filed in state court, including the state court docket sheet and all process, pleadings, and orders filed or entered in the State Court Action.

5.      JPMC has filed contemporaneously with this Notice a civil cover sheet and a separately signed certificate of interested persons and disclosure statement that complies with Federal Rule of Civil Procedure 7.1.

### GROUND FOR REMOVAL: DIVERSITY

6.      This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

(a)      **The amount in controversy exceeds the federal minimum jurisdictional requirements.**

7.      Plaintiffs seeks an injunction to prevent defendants from directly or indirectly selling or attempting to sell the real property located at 4602 Golf View Drive, San Antonio,

Texas 78223 (the "Property"). *See* Ex. A-2 at pp. 2-3. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In "actions … preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). The Property has a current value of $151,070 according to the Bexar Central Appraisal District. *See* Ex. B. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b)    **Complete diversity between the Plaintiffs and JPMC exists.**

8.    For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Plaintiffs were at the time of the filing of this action, have been at all times since, and are still individual resident citizens of the State of Texas. Accordingly, Plaintiffs are citizens of Texas.

9.    A national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). JPMC is a national association with its main office, as designated by its articles of association, in Columbus, Ohio.  Accordingly, JPMC is a citizen of Ohio.

(c)    **Defendant Barrett Daffin Frappier Turner & Engel, LLP was improperly joined.**

10.    Barrett Daffin Frappier Turner & Engel, LLP ("BFDTE") is improperly joined and, therefore, its citizenship can be disregarded for purposes of diversity jurisdiction.

11.    It is well-established that the citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

12.    Under Texas law, BDFTE has "qualified immunity" in the course of representing its client and Plaintiffs have no right of recovery against an attorney or law firm arising from the discharge of its duties in representing a client. *See Alpert v. Crain, Caton & James, P.C.,* 178 S.W. 3d 398, 405 (Tex. App.–Houston [1st Dist.] 2005, pet. denied); *Taco Bell Corp. v. Cracken,* 939 F. Supp. 528 (N.D. Tex. 1996); *Smith v. Nat'l City Mortgage*, No. A-09-CV-881 LY, 2010 WL 3338537, *4 (W.D. Tex. Aug. 23, 2010). The Fifth Circuit has recognized that where foreclosure counsel are sued solely for undertaking actions to represent their clients in connection with a pending foreclosure sale, the foreclosure counsel have qualified immunity and

are improperly joined for diversity purposes. *Lassberg v. Bank of Am., N.A.*, 660 Fed. Appx. 262, 267 (5th Cir. 2016).

    13.    No claim has been asserted against BDFTE in Plaintiffs' Original Petition and there are no allegations of any wrongdoing or actionable conduct by BDFTE.  Instead, BDTFE is merely joined as a defendant to ensure that, as foreclosure counsel for JPMC, it does not move forward with foreclosure. *See generally,* Ex. A-2.  Accordingly, BDFTE has been improperly joined, and its citizenship should be ignored for purposes of diversity jurisdiction.

    14.    The consent of BDFTE to this removal is not required because, as discussed above, it is improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

    15.    Accordingly, because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while no properly joined defendant is a citizen of Texas this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper.

    16.    WHEREFORE, JPMC prays that the above-described action now pending in the 45th Judicial District Court of Bexar County, Texas be removed to this Court.

Respectfully submitted,

 */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
RACHEL L. HYTKEN
Texas Bar No. 24072163
**QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
rhytken@qslwm.com

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

     This is to certify that on February 16, 2018, a true and correct copy of the foregoing pleading has been furnished to all counsel of record via certified mail, return receipt requested, and electronic mail in accordance with the Federal Rules of Civil Procedure.

Daniel Sandoval
924 McCullough Avenue
San Antonio, Texas 72815
daniel@dsandovallaw.com
*Counsel for Plaintiffs*

Mark D. Hopkins
Shelley L. Hopkins
HOPKINS LAW, PLLC
3809 Juniper Trace, Suite 101
Austin, Texas 78738
mark@hopkinslawtexas.com
shelley@hopkinslaw.com
*Counsel for Defendant*
*Barrett Daffin Frappier Turner & Engel, LLP*


 */s/ Rachel L. Hytken*
Wm. Lance Lewis / Rachel L. Hytken

4820-0829-1677, v. 1